IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02251-BNB

SONJA L. REDDICK,

    Plaintiff,

v.

AURORA PUBLIC SCHOOLS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -4 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Sonja Reddick, has filed *pro se* a Title VII Complaint. The court must construe the Title VII Complaint liberally because Ms. Reddick is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Reddick will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

The court has reviewed the Title VII Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891

F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Reddick fails to provide a short and plain statement of her claims showing that she is entitled to relief. Ms. Reddick has checked boxes on the court's preprinted Title VII Complaint form indicating that Defendant discriminated against her on the basis of a disability by terminating her employment. Ms. Reddick also makes vague allegations that Defendant discriminated against her by forcing her to stand on the playground in the hot sun for over thirty minutes, that she was accused falsely of using alcohol, that her medication has a side effect that causes a foul odor, and that she was written up for asking to change playgrounds. Construing the Title VII Complaint liberally, it appears that Ms. Reddick is asserting a claim or claims pursuant to the Americans with Disability Act. However, it is not clear what specific claim or claims are being asserted because the vague and conclusory factual allegations in the Title VII Complaint are not linked to any specific claims and, as a result, are not sufficient to demonstrate that Ms. Reddick is entitled to relief. For example, it is not clear how Ms.

Reddick's rights were violated as a result of being forced to stand on a playground in the hot sun for more than thirty minutes. Although Ms. Reddick attaches to the Title VII Complaint a copy of a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission, that document does not provide the court with the factual basis for the claim or claims Ms. Reddick is asserting in this action.

Neither the court nor Defendant is required to guess in order to determine the specific factual allegations that support Ms. Reddick's claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Ms. Reddick will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if she wishes to pursue her claims in this action. Ms. Reddick is advised that it is her responsibility to present her claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Ms. Reddick file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Reddick, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that if Ms. Reddick fails within the time allowed to file an amended complaint that complies with this order the action will be dismissed without

3

further notice.

DATED October 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02251-BNB

Sonja L. Reddick
2525 S. Dayton Way #2103
Denver, CO 80231

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint** to the above-named individuals on 10/4/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk