**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02251-WJM-KLM

SONJA L. REDDICK,

    Plaintiff,

v.

AURORA PUBLIC SCHOOLS,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE TESTIMONY OF MELISSA BUTLER, P.A.-C**

---

Plaintiff Sonja L. Reddick brings race and disability discrimination claims against Defendant Aurora Public Schools related to her employment as a Preschool Facilitator at Dalton Elementary School in fall 2008. (ECF No. 53.) This case is set for a three-day bench trial beginning on August 1, 2012. (ECF No. 54.) Before the Court is Defendant's Motion to Exclude Testimony of Melissa Butler, P.A.-C ("Motion"). (ECF No. 58.)

In the Motion, Defendant first argues that Butler's testimony is irrelevant because she did not begin treating Plaintiff until more than six months after her employment with Defendant ended. (ECF No. 58 at 7-8.) Plaintiff responds that Butler will be asked to testify only about Plaintiff's current medical condition and treatment. (ECF No. 59 at 2.) While the period during which Butler treated Plaintiff certainly effects the weight of

Butler's testimony, the Court finds that it does not make such testimony altogether inadmissible. This case is, at least in part, a disability discrimination case and the Court finds that testimony regarding Plaintiff's current diagnosis and treatment would assist the finder of fact. Accordingly, such testimony is relevant and admissible. *See* Fed. R. Evid. 401.

Defendant next argues that Butler should not be permitted to testify about anything other than her treatment of Plaintiff because she was not disclosed as a "specially retained" expert. (ECF No. 58 at 8-9.) In response, Plaintiff states that she "does not intend to use Butler to testify regarding the previous treatment of Plaintiff." (ECF No. 59 at 2.) Though there does not appear to be any dispute between the parties on this issue, the Court finds that because Butler was not disclosed as a "specially retained" expert, and as a result, Plaintiff was not required to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2) with regard to Butler's testimony, Butler will not be permitted to offer opinion testimony on matters that are not within her personal knowledge as Plaintiff's medical provider.

Accordingly, Defendant's Motion to Exclude Testimony of Melissa Butler, P.A.-C (ECF No. 58) is DENIED to the extent that it seeks to bar Butler's testimony in its entirety and GRANTED to the extent it seeks to preclude any testimony offered by Butler as a "specially retained" expert.[1]

---

[1] Defendant also argues that Butler is unable to authenticate Plaintiff's medical records because the medical records disclosed during discovery came from a facility for which Butler does not work. (ECF No. 58 at 8.) The Court notes that the instant Motion is made pursuant to Federal Rule of Evidence 702, which governs whether an expert's testimony is sufficiently reliable to be permitted at trial. This Motion is not the proper vehicle for the Court to evaluate the admissibility of Plaintiff's medical records. This matter will be ruled upon at trial as the

Dated this 19th day of June, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

---

related foundational and evidentiary issues present themselves in the course of witness testimony.